

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00051-CV

## IN THE ESTATE OF JANICE LEE WILHELM, DECEASED

**From the 369th District Court**
**Leon County, Texas**
**Trial Court No. O-12-00012**

## REFERRAL TO MEDIATION ORDER

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073. The policy behind ADR is stated in the statute: "It is the policy of this state to encourage the peaceable resolution of disputes . . . and the early settlement of pending litigation through voluntary settlement procedures." *Id.* § 154.002. Mediation is a form of ADR. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that, not only this appeal, but also the underlying case in this appeal, O-12-00012, are appropriate for mediation. *See id.* § 154.021(a); 10TH TEX. APP. (WACO) LOC. R. 9. Accordingly, we refer both this appeal and the underlying case, O-12-00012, to mediation.[1]

Further, the Court assigns Wanda Fowler as the mediator for this proceeding. Her address and contact number are as follows:

Wanda Fowler
Wright Close & Barge, LLP
1 Riverway Ste 2200
Houston, TX 77056
(713) 572-4321

Mediation must occur within 60 days after the date of this Order.

No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information required by this Order.

---

[1] We note that pursuant to Texas Civil Practice and Remedies Code § 51.014(a)(12) and (b) that the trial and all other proceedings are stayed pending resolution of this appeal.

Named parties must be present during the entire mediation process, and each party that is not a natural person must be represented by an employee, officer, agent, or representative with authority to bind the party to settlement.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fees will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the entire mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten days after the date of this Order, or it is waived.

We refer this appeal and the underlying case, O-12-00012, to mediation.[2]

The appeal and all appellate deadlines are suspended as of the date of this Order. The suspension of the appeal is automatically lifted when the mediator's report to the Court is received. If the matter is not resolved at mediation, any deadline that began to run and had not expired by the date of this Order will begin anew as of the date the mediator's report to the Court is received. Any document filed by a party after the date

---

[2] **Nothing herein should be construed as an all or nothing requirement regarding the mediation. The mediator and parties should endeavor to resolve the entire proceeding, but a resolution of any issue in the appeal or the underlying proceeding is within the scope of this referral**.

of this Order and prior to the filing of the mediator's report will be deemed filed on the same day, but after, the mediator's report is received.


PER CURIAM


Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Order issued and filed January 21, 2020
[RWR]

